HARTFORD ACCIDENT & INDEMNITY CO.
v. WILLIAMS, Insurance Commissioner, et al.
No. 70-1348.
Circuit Court, Leon County.
October 22, 1970.

William G. O'Neill of O'Neill & Trammell, Ocala, Robert M. Ervin and Joseph C. Jacobs of Ervin, Pennington, Varn & Jacobs, Leroy Collins, of counsel, all of Tallahassee, for the plaintiff.

Robert J. Kelly and Thomas A. Waddell, both of Tallahassee, for the defendants.

Claude R. Kirk, as Governor of Florida, amicus curiae.

HUGH M. TAYLOR, Circuit Judge.

On its amended complaint the plaintiff seeks a temporary injunction restraining the enforcement against it of the provisions of chapter 70-989, Laws of Florida.

Plaintiff attacks the constitutional validity of this statute upon several grounds which will be presently discussed.

The parties are not in agreement as to the rules governing the issuance of a temporary injunction. Statements from various court opinions, taken out of context, appear to be in conflict. The court is of the opinion that in cases such as this, before a temporary injunction is entered it must be made to appear —

1. The complaint clearly states a cause of action.

2. As a matter of law as applied to admitted facts or upon the basis of facts established with reasonable certainty the plaintiff will probably prevail upon a final hearing.

3. If the injunction is not issued plaintiff will sustain damages of such a nature that they cannot reasonably be recovered by proceedings at law, and,

4. The injury to the plaintiff resulting from a denial of the injunction would be substantially greater than the injury to others, resulting from a granting of the injunction.

Considering these requirements in the order stated, the court has carefully examined the complaint, the reasons why plaintiff contends the statute is unconstitutional and the effect of granting or denying the temporary injunction.

Three attacks are made upon the statute — (1) that the title is insufficient under §6, article III of the constitution; (2) that the statute denies plaintiff due process of law, and (3) that the statute denied plaintiff the equal protection of the law.

The court is of the opinion that the title of the statute is constitutionally sufficient.

It is: *"A bill to be entitled An act relating to insurance; providing for a one-hundred twenty day moratorium on increases of automobile insurance rates; providing an effective date."*

The material portion of the text of the act is —

"Notwithstanding anything to the contrary, pertaining to automobile insurance rates, as contained in the Florida Statutes or rules and regulations promulgated thereunder, insurance rates charged by an insurer on automobile insurance policies issued or renewed after the effective date of this act shall not be in excess of the rate charged by such insurer on July 1, 1970."

The attack upon the title to the act is predicated upon the contention that the phrase "moratorium on increases of automobile insurance rates" should be construed as conveying to the reader the idea that the moratorium is to be upon future rather than past increases in insurance rates. This is not the necessary or most common meaning of the word "moratorium". This court does not find the title insufficient and is of the opinion that in this attack upon the law the complaint does not state a clear cause of action or present a case in which there is a reasonable probability of ultimate success.

The complaint alleges that the premiums which it would be required by the law to charge if it continued in business in Florida are so low as to be confiscatory and, to that extent, states a cause of action.

However, the factual allegations of the complaint and the evidence before the court do not present a very clear case for the issuance of a temporary injunction.

The facts alleged are limited to the experience of the plaintiff for one year and the experiences of the plaintiff and an indefinite group of related companies over a five-year period.

The experience of one company or one related group of companies operating under a given schedule of rates is not conclusive as to the reasonableness of those rates. Many factors, such as agents' commissions, advertising, overhead, investment judgment, adjusting efficiency and, very important in a short operation, the judgment used in setting up reserves for claims arising from reported accidents all play an important part in the "operating experience" reflected by the books of an insurer.

It is not necessary at this time to determine whether the evidence before the court as to the experience of plaintiff and its related companies is sufficient to establish prima facie that the rates which plaintiff is permitted by the statute to charge would be, as applied to the industry as a whole, confiscatory. This is true because rates do not apply to the industry as a whole.

This brings us to the question of whether or not this statute denies plaintiff the equal protection of the law.

The court finds that it does.

The statute became effective immediately upon becoming a law on October 10, 1970. For some three years prior to that time the law had, with qualifications not material here, permitted insurers to fix their own rates. During that time many, if not all, automobile insurers had increased their rates one or more times. The latest increases of some companies had been before July 1, 1970. The latest increases of others, including plaintiff, had been after July 1, 1970. The statute freezes the rates of each company at the rate being charged by that company July 1, 1970.

In practical operation the statute fixes a different schedule of premiums for each company just as effectively as though each company had been designated by name and its rate schedule incorporated in the law. The statute fixes these different rates of different companies even though they were writing identical business in the same location and under the same conditions.

Insurance is a business clearly affecting the public welfare.

The regulation of rates charged by insurers is a proper exercise of the police power.

The fixing of reasonable rates at which insurance may be sold is a legislative process.

The constitution does not require notice and hearing before a rate for insurance premiums is fixed by law, when, as in Florida, there is adequate provision for subsequent judicial review.

A rate fixed by the legislature is presumptively reasonable and the burden is upon anyone attacking that rate to show its invalidity.

But any rate schedule fixed by or pursuant to law must afford all persons affected the equal protection of the law. This is not done when different rate schedules are adopted for different companies doing identical business and under the same circumstances.

It is argued that chapter 70-989 should be sustained because it is a temporary or stop-gap measure intended to be in force only long enough to enable an adequate study of the problem of automobile insurance rates. This argument is very strong as applied to the contention that the rates under consideration are confiscatory. The court judicially knows that the complexities of this business are such that only by a most careful accumulation and analysis of data can there be a proper determination of what is a proper rate schedule for this branch of the industry.

But this argument is entirely without merit when applied to the plaintiff as compared with its competitors. When the law was enacted plaintiff and its competitors had each made increases in their respective rates, increases which were perfectly legal when made. The law strikes down plaintiff's increase of rates, but leaves competitors with the right to charge their higher rates. Such inequality of treatment cannot stand, even temporarily, in the face of the equal protection clauses of the state and federal constitutions.

It is suggested that an injunction should be denied because plaintiff's overall operations do not reflect a loss. This, too, is a matter which might well be taken into account in considering whether the law, when considered with other laws, is confiscatory. It can have no weight in justification of a denial of the equal protection of the law.

It is also suggested that plaintiff is not required to write insurance in Florida and that it should either obey the law or withdraw from this business in the state.

Plaintiff may not, under §627.0852(4)(a) fail to renew its policies until it has given thirty days notice of intention to do so.

§624.0229, Florida Statutes, would at least imply that plaintiff may not discontinue the writing of this class of insurance until forty-five days notice and a hearing before the commissioner.

It is thus apparent that as regards a very substantial amount of potential liability the plaintiff may not just close up shop and go out of business.

Finally, it is argued that plaintiff has an adequate remedy at law to recover from its policyholders any deficiency in premiums charged should the final decision be in favor of plaintiff, and that plaintiff should be required to charge the lower rate until such time as this case has been finally adjudicated. This argument must fail. The evidence shows that the plaintiff has outstanding some 50,000 policies and the average premium involved is about $10. It is obvious that the difficulties of recovering this vast number of small accounts would be prohibitive and to deny an injunction because of the technical right to make such recoveries would be putting form before substance.

Because the court has heard full arguments and studied briefs from the parties and amicus curiae and is clear to the conclusion here announced that as a matter of constitutional law the statute is invalid, there is no occasion for deferring announcement of its conclusion or postponing the granting of relief.

The defendants will be enjoined from enforcing as to plaintiff the provisions of chapter 70-989. The terms and conditions of the injunction will be set after further conference with counsel.

The court thanks counsel for the parties and amicus curiae for their cooperation in the expeditious presentation of this case and their assistance in researching the applicable law on short notice.